UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0087(1) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| ABRAHAM FELICIANO LORENZO, | |
| Defendant. | |

LeeAnn K. Bell, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Keala C. Ede, FEDERAL DEFENDER'S OFFICE, for defendant.

Defendant Abraham Lorenzo is serving a 108-month sentence after pleading guilty to conspiring to distribute methamphetamine. This matter is before the Court on Lorenzo's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Although the question is very close, the Court will grant the motion.

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction[.]" According to a policy statement issued by the Sentencing Commission, the court must also find that "the defendant is not a danger to the safety of any other person or to the community," and that "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application notes list several examples of extraordinary and compelling reasons that justify a sentence reduction, including "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, cmt. n.1(A).  The policy statement also includes a catch-all provision for cases in which "there exists . . . an extraordinary and compelling reason other than, or in combination with," the reasons specifically described by the policy statement.  *Id.* § 1B1.13, cmt. n.1(D); *see United States v. Warren*, No. 10-CR-0276 (PJS/JJG), 2020 WL 3634513, at *2–3.  (D. Minn. Jan. 2, 2020) (applying § 1B1.13 to compassionate-release motions under the First Step Act, but declining to apply the outdated provision requiring that the Director of the Bureau of Prisons make the determination that the catch-all provision applies).

Lorenzo seeks a reduction in his sentence to time served on the ground that, because of his medical condition, the COVID-19 pandemic puts him at particular risk as long as he is in prison.  Lorenzo has suffered from significant asthma since childhood and has previously been hospitalized due to complications associated with his condition.  He uses a corticosteroid that is known to have immunosuppressive effects.  While in prison, he has experienced multiple episodes of wheezing, shortness of breath, and bronchitis; his medical records (both pre- and post-pandemic) contain numerous

references to his asthma and indicate that his asthma is only moderately controlled. In addition, the government acknowledges that Lorenzo's obesity places him at increased risk from the pandemic and constitutes an "extraordinary and compelling reason[]" within the meaning of § 3582(c)(1). Given this combination of conditions and the resulting elevated risk he faces as a result of the COVID-19 pandemic, the Court finds that Lorenzo has established "extraordinary and compelling reasons" warranting a reduction in his sentence.

The Court also finds that a reduction is consistent with § 1B1.13 and that Lorenzo does not pose a danger to the public. Other than his current offense and a minor traffic offense, Lorenzo has no criminal history. He also has no history of violence and, as far as the record reflects, he has never used or even possessed a gun. Lorenzo has completed substantial programming while in prison, including obtaining a general equivalency diploma, and he has not committed any serious infractions. He is scheduled to be released from prison in a little over a year, and his release plan has been approved by the Probation Office.

For these reasons, the Court finds that a reduction to time served is warranted under 18 U.S.C. § 3582(c)(1)(A)(i).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of defendant Abraham Feliciano Lorenzo for compassionate release [ECF No. 161] is GRANTED.

2. Lorenzo's sentence of incarceration is reduced to time served, and Lorenzo shall immediately commence his three-year term of supervised release.

3. Lorenzo shall be released from the custody of the Bureau of Prisons as soon as his release plan is implemented, travel arrangements have been made, and any applicable quarantine period required in light of the COVID-19 pandemic has been completed. The Bureau of Prisons shall have a reasonable amount of time to make arrangements for Lorenzo's release. The Court leaves it to the discretion of the Bureau of Prisons and the United States Probation Office to determine whether quarantine is necessary and, if so, whether that quarantine is served in the Bureau of Prisons's custody or instead in the community.

Dated:  October 23, 2020             s/Patrick J. Schiltz
                                     Patrick J. Schiltz
                                     United States District Judge